UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.R., <br><br> Plaintiff, <br><br> v. <br><br> YELM SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. 3:24-cv-05533-DGE <br><br> ORDER FOR SUPPLEMENTAL BRIEFING ON PETITION FOR REVIEW OF DECISION BY ALJ (DKT. NO. 24) |

On June 26, 2024, Plaintiff M.R. filed a complaint against Defendant Yelm School District under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, *et seq*., in Pierce County Superior Court.  (Dkt. No. 1.)  Defendant removed the case to this Court on July 3, 2024.  (*Id*.)  Plaintiff appeals an administrative law judge's March 28, 2024, decision ("ALJ Decision"), which found that Defendant did not violate the IDEA or deny Plaintiff a Free Appropriate Public Education ("FAPE"), as guaranteed by the IDEA.  *See* 20 U.S.C. § 1415(i)(2)(A); (Dkt. No. 1-2 at 18).  In the appeal, Plaintiff alleges multiple errors by the ALJ, while Defendant requests that the Court affirm the ALJ's decision.  (*See* Dkt. Nos. 12, 17.)

ORDER FOR SUPPLEMENTAL BRIEFING ON PETITION FOR REVIEW OF DECISION BY ALJ (DKT. NO. 24) - 1

In brief, this case concerns the events leading up to and including the District's decision to revoke its acceptance of Plaintiff—a child with a disability who, in accordance with the IDEA, was on an Individualized Education Program ("IEP")—as a non-resident transfer student. On October 13, 2023, the District sent Plaintiff's parents a letter stating "the District is revoking [M.R.'s] acceptance as a nonresident transfer student . . . . Your student's acceptance is being revoked because his discipline records demonstrate a history of disruptive behavior." (Dkt. No. 22-3 at 55.) The notice instructed Plaintiff's parents to "enroll [M.R.] in his resident school district or pursue other educational options." (*Id.*)

The procedural safeguards of the IDEA provide that "within 10 school days of any decision to change the placement of a child with a disability because of a violation of a code of student conduct, the local educational agency, the parent, and relevant members of the IEP Team . . . shall . . . review all relevant information to determine if the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability." 20 U.S.C. § 1415(k)(1)(E). This meeting is referred to as a "manifestation determination." Plaintiff appeals the ALJ's finding that Defendant was not required to conduct a manifestation determination meeting within 10 days of the revocation, which Plaintiff refers to as an "expulsion." (*See* Dkt. No. 12 at 2) ("[T]he ALJ erred in determining Defendant was not required to conduct a manifestation determination meeting to assess whether the student's expulsion was related to his individualized education program ('IEP') regarding a propensity for "disruptive behavior" arising from his disabilities.").

Whether the October 13, 2023, revocation notice constitutes a "change of placement" under the IDEA—and thereby should have triggered the manifestation requirement under 20 U.S.C. § 1415(k)(1)(E)—is a matter of federal law. Yet because Washington law provides for an

administrative appeal process in which parents can petition for review of the revocation of a nonresident transfer, (*see* Washington Revised Code § 28A.225.230(3)), the ALJ determined that she lacked jurisdiction over the propriety of the notice of revocation. (*See* Dkt. No. 22-3 at 238) ("[T]he ALJ lacks jurisdiction in this proceeding to decide whether the District complied with applicable law and policy in revoking the Student's acceptance."). She then concluded that "[b]ecause the District's unchallenged revocation decision must be accepted as effective, the ALJ has no authority to order the District to re-enroll the Student." *Id*. at 239. This finding formed the premise for her summary judgment holding that "[t]he fact that the unchallenged revocation decision remains effective also means that the District is no longer obligated to provide FAPE to the Student . . . [therefore] remedies that would require a prospective offer of FAPE are not available." (*Id*. at 240.)

The Court has not received briefing from the Parties on the potentially dispositive *federal law* question—whether the notice (which functioned as an expulsion from one high school and instruction to enroll in a different high school) constitutes a "change of placement" under the IDEA.

The Ninth Circuit has noted that "[a] change in location alone does not qualify as a change in 'educational placement.'" *Oliver C. by & through Nichole C. v. Dep't of Educ.*, 762 F. App'x 413, 415 (9th Cir. 2019). Indeed, determining what specifically constitutes a change in placement is a fact-intensive inquiry. *See N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1116 (9th Cir. 2010). In an extensive discussion of the statutory scheme at issue, the Seventh Circuit held "the meaning of 'educational placement' falls somewhere between the physical school attended by a child and the abstract goals of a child's IEP." *Bd. of Educ. of Cmty. High Sch. Dist. No. 218, Cook Cnty., Ill. v. Illinois State Bd. of*

*Educ.*, 103 F.3d 545, 548 (7th Cir. 1996). In keeping with the IDEA's purpose of ensuring that schools are not unilaterally able to exclude "difficult" disabled students, the *Cook County* court noted that "where children are moved from a school because of external factors" such as furloughs or the closing of the school due to budgetary constraints, courts have adopted a "looser interpretation of placement" because "the concern is not whether the school is attempting to rid itself of a disabled child." *Id*. at 549. Contrastingly, "[i]n instances where a child has been expelled, courts have construed 'educational placement' much more narrowly by looking to the specific institution." *Id*. at 548.[1] Similarly, courts in this circuit have noted that "[l]ike a graduation, indefinite suspension, or expulsion, the unilateral disenrollment of a special education student, which results in the absolute termination of a child's special education program, and purportedly the termination of a [school district's] responsibility to deliver FAPE, is a change in placement." *A.D. ex rel. L.D. v. Dep't of Educ., Hawaii,* No. CIV. 12-00307 JMS, 2012 WL 5292865, *11 (D. Haw. Oct. 25, 2012) (cleaned up), aff'd sub nom. *A.D. ex rel. L.D. v. Hawaii Dep't of Educ*., 727 F.3d 911 (9th Cir. 2013).

    The fact pattern at issue in this case appears more analogous to expulsion than to cases involving furloughs or the closure of schools within a district; the District terminated its responsibility to deliver FAPE to M.R., requiring that he enroll midway through the year in a high school he had never before attended. The decision was both particularized and attributed to Plaintiff's behavioral records. (Dkt. No. 22-3 at 55.) As the Supreme Court has recognized, "one of the evils Congress sought to remedy [by enacting the predecessor statute to the IDEA] was the unilateral exclusion of disabled children by schools." *Honig v. Doe*, 484 U.S. 305, 327 (1988). Because the Parties have not provided the Court with briefing on the question of

---

[1] *See also Eley v. D.C*., 47 F. Supp. 3d 1, 10–16 (D.D.C. 2014).

ORDER FOR SUPPLEMENTAL BRIEFING ON PETITION FOR REVIEW OF DECISION BY ALJ (DKT. NO. 24) - 4

whether Defendant's decision to terminate Plaintiff's enrollment and direct him to enroll in his home district constitutes a change of placement, the Court requests supplemental briefing on this matter.

In the event there is a finding that a change of placement occurred, the supplemental briefing should also address whether there are any limits on this Court's ability to grant reenrollment considering that Plaintiff is now enrolled in his home school district.

Plaintiff SHALL file supplemental briefing of no more than 10 pages identifying and presenting their arguments with clarity no later than January 9, 2025.  Arguments must contain citation to authority and the record.  Defendants SHALL file a response of no more than seven pages no later than January 23, 2025.  Plaintiff SHALL file a reply of no more than five pages no later than January 30, 2025.

Dated this 20th day of December, 2024.

David G. Estudillo
United States District Judge